IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLA WHITE, f/k/a Long, as the Special Administratrix of the Estate of Perish Ni-Cole White,<br><br>          Plaintiff,<br><br>v.<br><br>BRETT BOWLING, in his official capacity as Creek County Sheriff; TURN KEY HEALTH CLINICS, L.L.C.; MICHELLE STOVALL; TODD GENE INKS; CYNTHIA THOMPSON; and DOES 1-5,<br><br>          Defendants. | Case No. 22-cv-00139-CVE-SH |

## OPINION AND ORDER

Before the Court is Defendants' motion to compel non-party Taevon Whisenton ("Whisenton") to appear and testify at his deposition despite his blanket assertion of the Fifth Amendment. The Court finds such a blanket assertion to be improper, and the motion will be granted. Whisenton retains the right to assert the Fifth Amendment as to individual questions if they pose a substantial and real hazard of subjecting him to criminal liability; such assertions will be addressed on a question-by-question basis.

### Background

This lawsuit relates to the death of Perish Ni-Cole White ("White") after his incarceration at the Creek County Criminal Justice Center (the "Jail") and diagnosis of COVID-19. (*See generally* ECF No. 14.) Plaintiff alleges White first became ill on July 5, 2021, with his condition worsening over the next several days. (*Id.* ¶¶ 14-22.) According to Plaintiff, during that time period, various Jail and medical personnel ignored his worsening condition and the multiple requests by various persons—including White— that he receive medical treatment. (*Id.*) On July 17, 2021, White was transported to a

hospital, where he was diagnosed with COVID-19. (*Id.* ¶ 24.) Two days later, he was admitted to OSU Medical Center with respiratory and kidney failure; he died on July 30, 2021.¹ (*Id.* ¶¶ 25-26.)

On August 25, 2021, Whisenton signed a declaration under penalty of perjury. (ECF No. 111-1.) In that declaration, Whisenton discussed how he, White, and others were treated during the COVID outbreak. (*Id.*)

In this case, Defendants subpoenaed Whisenton to testify on June 20, 2024. (ECF Nos. 111-2 & 111-3.) According to Defendants, and undisputed by any party,² Whisenton refused to answer any questions at the deposition, asserting his Fifth Amendment rights. Defendants now ask the Court to compel Whisenton to appear and testify at deposition. Defendants also ask the Court to allow the deposition to proceed outside the current discovery cutoff of July 1, 2024.

## Analysis

**I.     The Fifth Amendment and Civil Litigation³**

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V. This Fifth Amendment right "can be asserted in any proceeding, civil or criminal, administrative or judicial,

---

¹ The Amended Complaint states that White died in 2022, but this appears to be a scrivener's error.

² On July 1, 2024, Defendants served their motion on Plaintiff, Whisenton, and Whisenton's criminal defense attorney. Responses to the motion were due on July 15. *See* LCvR 7(e) & 37-2(e). No party has filed a brief opposing the motion, and the Court could deem the motion confessed. LCvR 7(e). The Court has, instead, treated all of Defendants' factual statements as undisputed but has independently analyzed the merits of their request.

³ For a brief overview of the Fifth Amendment for civil litigators, *see* Andrew J. Hofland & Justin A. Lollman, *Take Five, But Civilly; a Civil Litigator's Primer on the Fifth Amendment*, 95 Okla. Bar J. No. 1, Jan. 2024, at 10-14, *available at* https://www.okbar.org/barjournal/january-2024/ (last visited July 24, 2024).

investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972) (footnotes omitted).

However, a generalized fear of prosecution does not justify a blanket claim of privilege. Instead, in a civil case, a person may assert the Fifth Amendment "in response to individual questions upon their reasonable belief that a compulsory response by them to these testimonial matters will pose a substantial and real hazard of subjecting them to criminal liability." *United States v. Schmidt*, 816 F.2d 1477, 1482 (10th Cir. 1987). This includes answers that would themselves support a conviction or that would furnish a "link in the chain of evidence" needed to prosecute the witness. *Hoffman v. United States*, 341 U.S. 479, 486 (1951). "But this protection must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." *Id.*

## II. Whisenton's Cannot Avoid Testifying by Asserting the Fifth Amendment to Every Question

As noted above, Whisenton cannot cite a generalized fear of prosecution and refuse to testify at all in this case. Instead, Whisenton can only assert the Fifth Amendment in response to a specific question when he has reasonable cause to believe that his response will subject him to criminal prosecution.

Moreover, as a general matter, it does not appear that the questions to be asked in Whisenton's deposition are likely to invoke such a concern. Defendants have stated their intent to seek "Whisenton's testimony regarding his personal knowledge and observations of Perrish White, his health condition, and the actions or inactions of Jail staff." (ECF No. 111 at 2.) And, Defendants have noted they sought this deposition based on the

declaration Whisenton previously provided.[4] (*Id.*) The information contained in that statement relates entirely to White's statements to guards or the nurse, and their related actions; statements made by Whisenton and others regarding White's need for treatment or their own COVID-related medical issues; and the Jail's treatment of the inmates' COVID-related medical issues. (ECF No. 111-1.) There is nothing about this statement on its face that would indicate any risk of criminal prosecution for Whisenton.

IT IS THEREFORE ORDERED that *Defendants' Motion to Compel Non-Party Taevon Whisenton to Appear and Testify for Deposition* (ECF No. 111) is GRANTED. Whisenton is ordered to appear and testify as requested by Defendants. Whisenton may not assert the Fifth Amendment as a basis not to testify at all. Whisenton may assert the Fifth Amendment in response to a specific question asked if he has reasonable cause to believe that his response to that specific question will subject him to criminal prosecution. If Whisenton raises such an objection during the deposition, the parties may contact the undersigned for an on-the-record ruling during the deposition.

IT IS FURTHER ORDERED that, if Whisenton's deposition is rescheduled, Defendants shall provide notice to the Court of the time and date for that deposition to ensure a judicial officer is available to rule on objections.[5]

IT IS FURTHER ORDERED that Defendants may conduct the deposition of Whisenton outside of the discovery deadlines.

ORDERED this 24th day of July, 2024.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[4] Defendants do not argue this statement qualifies as testimony that waives Whisenton's privilege as to this proceeding. *See, e.g., United States v. Rivas-Macias*, 537 F.3d 1271, 1280-81 (10th Cir. 2008) (comparing a testimonial waiver of privilege in a single proceeding to unsworn out-of-court statements or prior testimony in another proceeding). The Court, therefore, does not address waiver.

[5] The undersigned will not be available July 31-August 6, 2024.