**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) CHARLA WHITE, f/k/a LONG, individually and on behalf of the Estate of PERRISH NI-COLE WHITE, Plaintiff, | ) | |
| v. | ) | Case No. 22-cv-0139-CVE-SH |
| (1) BRET BOWLING, in his official capacity as Creek County Sheriff; (2) TURN KEY HEALTH CLINICS, L.L.C. a domestic limited liability company, Defendants. | ) | |

---

**DEFENDANT BOWLING'S**
**MOTIONS IN LIMINE AND BRIEF IN SUPPORT**

---

Jamison C. Whitson, OBA No. 18490
Justin P. Ashlock, OBA No. 33459
Andy A. Artus, OBA No. 16169
COLLINS, ZORN, & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105-1815
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: jcw@czwlaw.com
aaa@czwlaw.com
jpa@czwlaw.com

***Attorneys for Bret Bowling, in his official capacity as Creek County Sheriff***

November 6, 2024

**TABLE OF CONTENTS**

TABLE OF CONTENTS ... ii

TABLE OF AUTHORITIES ... iii-vi

LIST OF ATTACHMENTS ... vi

STANDARD OF REVIEW ... 1

1. ARGUMENTS, TESTIMONY, AND EVIDENCE RELATED TO OTHER LAWSUITS AND INCIDENT SHOULD BE EXCLUDED ... 2

2. PLAINTIFF'S TRIAL EXHIBITS 49, 50, AND 51 SHOULD BE EXCLUDED ... 4

3. THE MAJORITY OF PLAINTIFF'S TRIAL EXHIBIT 40 SHOULD BE EXCLUDED ... 5

4. PLAINTIFF'S TRIAL EXHIBITS 43 SHOULD BE EXCLUDED ... 6

5. ANY EXPERT OPINIONS NOT PREVIOUSLY DISCLOSED ... 7

6. ANY SUGGESTION THAT THE JAIL IS REQUIRED TO HAVE A MEDICAL DOCTOR, APRN, OR RN ON STAFF IN ORDER TO PROVIDE HEALTHCARE AT A COUNTY JAIL SHOULD BE EXCLUDED ... 8

7. ANY SUGGESTION TAT THERE IS A REQUIREMENT FOR 24 HOUR A DAY MEDICAL STAFFING T A COUNTY JAIL SHOULD BE EXCLUDED ... 9

8. EVIDENCE REGARDING THE VIOLATION OF ANY POLICY, STANDARD, RULE, OR REGULATION ... 10

9. OPINION OF COUNSEL ... 11

10. ARGUMENTS NOT BASED ON ADMITTED EVIDENCE ... 12

11. PERSONALIZING THE CASE/GOLDEN RULE ... 13

12. USING A VERDICT TO "SEND A MESSAGE" ... 14

13. COMMUNITY CONSCIENCE ARGUMENTS SHOULD BE EXCLUDED..........15

14. OPINION TESTIMONY OF LAY WITNESSES SHOULD BE EXCLUDED.........16

15. THE POSSIBLE EXISTENCE OF LIABILITY INSURANCE................................18

16. FINANCIAL CONDITION OF THE PARTIES.......................................................18

17. CRYING/EMOTIONAL DISPLAYS BY COUNSEL..............................................19

18. REGIONAL BIAS/OUTSIDERS...................................................................20

CERTIFICATE OF SERVICE.............................................................................21

## TABLE OF AUTHORITIES

**Cases**

*Banque Hypothecaire Du Conton DeGeneve v. Union Mines, Inc.*, 652 F.Supp. 1400, (D.Md. 1987) ........................................................................................................ 1

*Barney v. Pulsipher*, 143 F.3d 1299 (10th Cir. 1998)............................................................ 3

*Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576 (10th Cir. 1984)............................................ 13

*Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166 (5th Cir. 2005).................................. 14

*Buchanan v. Turn Key Health Clinics, LLC, et al*., Case No. 18-CV-171-RAW (E.D. Okla. 2018)..........5

*Burke v. Regalado*, 935 F.3d 960 (10th Cir. 2019)................................................................. 15

*Burke v. Regalado*, 935 F.3d 960 (10th Cir. 2019)................................................................. 11

*Bush v. Bowling, et al*., Case No. 19-CV-00098-JFH-CDL (N.D. Okla. 2019)..................... 2, 3, 4

*Caudle v. District of Columbia*, 707 F.3d 354 (D.C. Cir. 2013).............................................. 15

*City of Canton v. Harris*, 489 U.S. 378 (1989)...................................................................... 11

*Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001)............................... 15

*Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984) .................................. 11

*Draper v. Airco, Inc*., 580 F.2d 91 (3d Cir. 1978) ..................................................................... 19

*Draper v. Rosario*, 836 F.3d 1072 (9th Cir. 2016) ..................................................................... 19

*EEOC v. Jetstream Ground Services, Inc.*, 2014 WL 7650933 (D. Colo. Dec. 9, 2014)............ 17

*Eisenhower v. Burger*, 431 F.2d 833 (6th Cir. 1970) ................................................................. 19

*Estate of Beauford v. Mesa County*, 35 F.4th 1248 (10th Cir. 2022) ............................................... 9

*Estate of Tobin v. Smithkline Beecham Pharms.*, 2001 WL 36102165, *1
(D. Wyo. May 18, 2001).............................................................................................................. 4

*Foutch v. Turn Key Health Clinics, LLC, et al*., Case No. 17-CV-431-GFK-JFJ
(N.D. Okla. 2017) ................................................................................................................ 2, 3, 4

*Garcia v. Sam Tanksley Trucking, Inc.*, 708 F.2d 519 (10th Cir. 1983)..................................... 19

*Gilster v. Primebank*, 747 F.3d at 1011 (8th Cir. 2014) ............................................................. 12

*Gunning v. Cooley*, 281 U.S. 90 (1930)....................................................................................... 17

*Hinton v. City of Elwood*, 997 F.2d 774 (10th Cir. 1993)........................................................... 11

*Kentucky v. Graham*, 473 U.S. 159, n. 13 (1985)........................................................................ 15

*Lovett ex ref. Lovett v. Union Pac. R.R. Co.*, 201 F.3d 1074 (8th Cir. 2000).............................. 14

*Moody v. Ford Motor Co.*, 506 F.Supp. 2d 823 (N.D. Okla. 2007) ..................................... 13, 14

*Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981) ................................................................. 15

*Palmieri v. Defaria*, 88 F.3d 136 (2d Cir. 1996) ........................................................................... 1

*Paugh v. Uintah County*, 47 F.4th 1139 (10th Cir. 2022)............................................................ 8, 9

*People v. Dukes*, 146 N.E.2d 14 (Ill. 1957) .................................................................................. 19

*Phillips v. Calhoun*, 956 F.2d 949 (10th Cir. 1992) ..................................................................... 11

*Pivot Point Interne, Inc. v. Charline Prods., Inc.*, 932 F.Supp. 220 (N.D.Ill. 1996)...................... 2

*Racher v. Westlake Nursing Home Ltd. Partnership*, 871 F.3d 1152 (10th Cir. 2017)............... 15

*RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 445 F.Supp.3d 1327 (D.Colo. 2020) ............................................................................................... 4

*Romero v. Bd. of Cty. Comm'rs*, 60 F.3d 702 (10th Cir. 1995) ........................................... 10, 11

*Sanders v. Creek County Board of County Commissioners, et al.*, Case No. 17-CV-TS-CDL (N.D. Okla. 2017) ................................................... 2, 3, 4

*Schultz v. Rice*, 809 F.2d 643 (10th Cir. 1986) ............................................................ 13, 14

*Sealock v. Colorado*, 218 F.3d 1205 (10th Cir. 2000) ........................................................... 8

*Spulak v. Kmart Corp.*, 894 F.2d 1150 (10th Cir. 1990) ....................................................... 15

*Stewart v. Turn Key Health Clinics, LLC, et al.*; District Court of Cleveland Co. Case No. CJ-2023-278 ...................................................................................... 2

*Stokes v. Delcambre*, 710 F.2d 1120 (5th Cir. 1983)............................................................. 13

*Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005) ....................................................... 10, 11

*U.S. v. Flowers,* 464 F.3d 1127 (10th Cir. 2006)................................................................. 17

*U.S. v. Harris*, 995 F.2d 532, 535 (4th Cir. 1993) ............................................................... 17

*U.S. v. Rios*, 92 F.3d 1519, 1529 (10th Cir. 1996)................................................................ 17

*United States v. Socony Vacuum Oil Co.*, 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129 (1940) ............................................................................................................ 19

*United States v. Stahl*, 616 F.2d 30 (2d Cir. 1980) ................................................................ 19

*Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233 (5th Cir. 1985)........................... 15

*Whitehead v. Food Max of Miss. Inc.*, 163 F.3d 265 (5th Cir. 1998) ................................... 14

*Whiteley v. OKC Corp.*, 719 F.2d 1051 (10th Cir. 1983) ....................................................... 19

*Whittenburg v. Werner Enterprises, Inc.*, 561 F.3d 1122 (10th Cir. 2009) ........................... 11

*Young v. Corr. Healthcare Companies, Inc.*, No. 13-CV-315-IDJ-JFJ, __ F. Supp. 3d ___, 2024 WL 866286 (N.D. Okla. Feb. 29, 2024)........................................ passim

**Statutes**

42 U.S.C. § 1983 .......... 10, 15

**Rules**

Fed. R. Civ. P. 401-403 .......... 2, 9, 11, 12
Fed. R. Civ. P. 26(a)(2) .......... 7
Fed. R. Civ. P. 26(a)(2)(B) .......... 7
Fed. R. Civ. P. 26(a)(2)(B)(i) .......... 7
Fed. R. Civ. P. 26(a)(3) .......... 7
Fed. R. Civ. P. 26(e) .......... 7
Fed. R. Civ. P. 26(e)(1) .......... 7
Fed. R. Civ. P. 26(e)(1)(A) .......... 7
Fed. R. Civ. P. 26(e)(2) .......... 7
Fed. R. Civ. P. 37(c)(1) .......... 7
Fed. R. Evid. 401-403 .......... 2, 6, 9, 11
Fed. R. Evid. 411 .......... 18
Fed. R. Evid. 608 .......... 18
Fed. R. Evid. 608(a) .......... 17
Fed. R. Evid. 701 .......... 11, 16, 17
Fed. R. Evid. 701(a)-(c) .......... 16
Fed. R. Evid. 702 .......... 11
LCvR 7.1(f) .......... 1

## LIST OF ATTACHMENTS

1. Amended Petition, *Stewart v. Turn Key Health Clinics, LLC, et al*.
2. Bowling deposition
3. Plaintiff's Trial Exhibit No. 49
4. Plaintiff's Trial Exhibit No. 51
5. *Estate of Tobin v. Smithkline Beecham Pharms.*, 2001 WL 36102165, *1 (D. Wyo. May 18, 2001
6. Plaintiff's Trial Exhibit No. 40
7. McNunn Report
8. McNunn deposition
9. *Young v. Corr. Healthcare Companies, Inc.*, No. 13-CV-315-IDJ-JFJ, __ F. Supp. 3d ___, 2024 WL 866286 (N.D. Okla. Feb. 29, 2024)
10. *EEOC v. Jetstream Ground Services, Inc.*, 2014 WL 7650933 at *2 (D. Colo. Dec. 9, 2014)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) CHARLA WHITE, f/k/a LONG, individually and on behalf of the Estate of PERRISH NI-COLE WHITE,<br><br>Plaintiff,<br><br>v.<br><br>(1) BRET BOWLING, in his official capacity as Creek County Sheriff;<br>(2) TURN KEY HEALTH CLINICS, L.L.C. a domestic limited liability company,<br><br>Defendants. | ) | Case No. 22-cv-0139-CVE-SH |

**DEFENDANT BOWLING'S**
**MOTIONS IN LIMINE AND BRIEF IN SUPPORT**

Defendant Bret Bowling, in his official capacity ("Defendant"), respectfully requests that the Court enter an Order in Limine to exclude from evidence at the trial of this case any argument, evidence, questioning, suggestion, or innuendo related to the below-listed topics.

Counsel for Defendant has conferred with Plaintiff's counsel regarding these Motions in Limine as required by LCvR 7.1(f). Plaintiff's agreement or objection is indicated within each individual Motion below.

**STANDARD OF REVIEW**

The purpose of a motion in limine is "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quoting *Banque Hypothecaire Du Conton DeGeneve v. Union Mines, Inc.*, 652 F.Supp. 1400, 1402 (D.Md. 1987). In addition to saving trial time, pretrial rulings on

evidence frequently save the parties time, effort, and cost in preparing and presenting their cases. *Pivot Point Interne, Inc. v. Charline Prods., Inc.*, 932 F.Supp. 220, 222 (N.D.Ill. 1996). With this standard in mind, Defendant asks the Court to exclude the following evidence.

## 1. ARGUMENTS, TESTIMONY, AND EVIDENCE RELATED TO OTHER LAWSUITS AND INCIDENTS SHOULD BE EXCLUDED

*Plaintiff objects to Motion in Limine No. 1.*

Plaintiff has clearly expressed her intent to present arguments, evidence, and testimony regarding other lawsuits previously filed against Defendant and/or against Defendant Turn Key at trial in this matter. At deposition, Plaintiff's counsel asked Defendant about numerous cases and incidents involving other inmates from other counties which used Turn Key for inmate medical care as set forth in an Amended Petition filed in *Stewart v. Turn Key Health Clinics, LLC, et al.*; District Court of Cleveland Co. Case No. CJ-2023-278. Plaintiff further questioned the Defendant about allegations made in two (2) prior denial of medical care lawsuits regarding inmates in the Creek County Jail ("CCJ"), *Foutch v. Turn Key Health Clinics, LLC, et al.*, Case No. 17-CV-431-GFK-JFJ (N.D. Okla. 2017), and *Bush v. Bowling, et al.*, Case No. 19-CV-00098-JFH-CDL (N.D. Okla. 2019) (Estate of Garland case). (Ex. 1, Amended Petition, *Stewart v. Turn Key Health Clinics, LLC, et al.*; Ex. 2, Bowling Depo., p. 43:20 – p. 56:13). Plaintiff also mentioned the *Foutch* and *Bush* cases in the Amended Complaint, along with allegations from another previous Creek County inmate medical care case, *Sanders v. Creek County Board of County Commissioners, et al.*, Case No. 17-CV-TS-CDL (N.D. Okla. 2017). (Dkt. 14, p. 8). However, arguments, testimony, and evidence regarding claims asserted in different lawsuits and incidents should be excluded under Federal Rules of Evidence 401 and 402 due to lack of relevance, or alternatively under Rule 403 due to the danger of unfair prejudice, confusing the issues, and misleading the jury.

Lawsuits and incidents pertaining to inmates in counties other than Creek County are clearly irrelevant to Plaintiff's claims in this case. Defendant anticipates that Plaintiff may argue that the lawsuits and incidents from other counties involving Turn Key is relevant to a determination of whether the Defendant was deliberately indifferent in continuing to contract with Turn Key to provide inmate medical care at the CCJ. However, any such argument would have no basis in fact as there is simply no evidence that the Defendant was aware of any such suits. (Ex. 2, Bowling Depo., p. 43:20 – p. 48:1; p. 48:21-24; p. 49:5 – 50:4, 51:10 – p. 52:13; p. 53:12-14).

Defendant further anticipates that Plaintiff will argue evidence in the *Foutch*, *Bush,* and *Sanders* lawsuits and the lawsuits themselves are relevant to her deliberate indifference claim because municipal liability for deliberate indifference may be established by demonstrating a history of previous constitutional violations. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). However, it was never established in any of those cases that a constitutional violation actually occurred. In *Foutch*, all claims were dismissed prior to trial and there was no civil rights violation found. (See *Foutch*, N.D. Case No. 17-CV-431-GFK-JFJ, Dkt. Nos. 7, 32, 74, 92, 96).[1] Likewise, in *Bush*, all claims were dismissed prior to trial pursuant to settlement agreement and no civil rights violation was found. (*See Bush*, N.D. Case No. 19-CV-00098-JFH-CDL, Dkt. Nos. 370, 371, 372). In Sanders, the Defendant was dismissed early on a motion to dismiss and Turn Key was granted summary judgment. (See *Sanders*, N.D. Case No. 17-CV-TS-CDL, Dkt. Nos. 33, 223, 225). Moreover, three (3) alleged incidents regarding inmate medical care occurring in September 2016, November 2016, and June 2017, respectively, hardly constitutes evidence of any widespread and persistent custom of denial of adequate inmate medical care at the CCJ, especially

---

[1] The Court can take judicial notice of its own files and records. Tal v. Hogan, 453 F.3d 1244, 1265 n. 24 (10th Cir.2006).

since there was no finding of civil rights violations. As a result, nothing in *Foutch*, *Bush*, *Sanders*, or any of the other cases mentioned by Plaintiff is relevant and should be excluded under Rules 401-402.

Should this Court find that the evidence is relevant, any arguments, evidence, or testimony regarding other lawsuits should still be excluded under Rule 403 because any probative value it may have is vastly outweighed by the risk of prejudice to Defendant, confusion of the issues, and misleading the jury. Evidence of lawsuits filed against Defendant by anyone other than Plaintiff "have little probative value in this case, where the issues concern whether [Defendant] acted wrongfully with regards to *this* [plaintiff] and whether [*this* plaintiff] suffered damages. *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 445 F.Supp.3d 1327, 1334-35 (D.Colo. 2020) (citing *Estate of Tobin v. Smithkline Beecham Pharms.*, 2001 WL 36102165, *1 (D. Wyo. May 18, 2001[2])) (excluding evidence of other lawsuits because "such references are irrelevant to this litigation and such references would have a tendency to unnecessarily confuse the jury."). In *RCHFU*, the court granted the defendant's motion in limine regarding evidence of other lawsuits filed against the defendant, precluding plaintiffs' counsel from referencing the other lawsuits in the opening statement and precluding plaintiffs' witnesses from referencing the other lawsuits in their testimony. *Id.* Defendant seeks the same order on the same grounds here.

**2. PLAINTIFF'S TRIAL EXHIBITS 49, 50, AND 51 SHOULD BE EXCLUDED**

*Plaintiff objects to Motion in Limine No. 2.*

Plaintiff's Trial Exhibit No. 49 is identified by Plaintiff as "Video of Dunniven Phelps (Tulsa County Jail)" and Plaintiff's Trial Exhibit No. 51 is identified by Plaintiff as "Video of Shannon Hanchett (Cleveland County Jail)." (Ex. 3, Plaintiff's Trial Exhibit No. 49; Ex. 4,

[2] Unpublished decision attached hereto as Ex. 5.

Plaintiff's Trial Exhibit No. 51). However, Plaintiff has produced neither of these exhibits to the Defendant. This failure alone should warrant exclusion of Plaintiff's Trial Exhibit Nos. 49 and 51. Moreover, although the descriptions of these exhibits are vague, it is clear that they are evidence in, or otherwise relate to, lawsuits or incidents regarding medical care of inmates occurring in other counties. Likewise, Plaintiff's Trial Exhibit No. 50 is a recording of a video phone call by Douglas Buchanan made from the Muskogee County Jail and relates to an inmate medical indifference case from another county, *Buchanan v. Turn Key Health Clinics, LLC, et al.*, Case No. 18-CV-171-RAW (E.D. Okla. 2018). These exhibits have no absolutely relevance to Plaintiff's claims in this case, and should be excluded for the same reasons discussed in Motion in Limine No. 1 above.

**3. THE MAJORITY OF PLAINTIFF'S TRIAL EXHIBIT 40 SHOULD BE EXCLUDED**

*Plaintiff objects to Motion in Limine No. 3.*

Plaintiff's Trial Exhibit No. 40 consists of an amalgam of numerous Detention Facility Incident Reports submitted to the Oklahoma Department of Health (ODOH) by the Creek County Jail (CCJ), Detention Facility Inspection Reports made on the CCJ by ODOH, and ODOH Investigation Reports regarding the CCJ, dating from January 3, 2016 to December 14, 2021. (See Ex. 6, Plaintiff's Trial Exhibit No. 40). The subjects of the numerous reports is widely varied. However, of the one hundred and seventy-five (175) pages of Plaintiff's Trial Exhibit No. 40, only six (6) pages (pp. 165-170 of the exhibit) have any possible relevance to Plaintiff's claims in this case at all. Those six pages consist of a Detention Facility Incident Report reporting the Decedent's death to the ODOH, and an Investigation Report regarding his death wherein the ODOH investigator listed no deficiencies cited.

The remainder of Plaintiff's Trial Exhibit No. 40 has no conceivable relation to Plaintiff's claims in this case at all. It certainly does not contain any evidence of any widespread and persistent

custom of denial of adequate inmate medical care at the CCJ. Any minimal probative value it may have in this case is substantially outweighed by the danger of unfair prejudice to the Defendant, and by the danger it will confuse the issues and mislead the jury. In that regard, the jury may be led to falsely believe that the mere existence of these documents means that there is a persistent problem with the management of the CCJ, while the documents themselves are required to be kept by law and merely record the day-to-day issues that any detention facility might face. Accordingly, except for the aforementioned six (6) pages, Plaintiff's Trial Exhibit No. 40 should be excluded since it is irrelevant, misleading, would confuse the jury, would be waste of time, and needlessly presents cumulative evidence. *See* Fed. R. Evid. 401-403.

**4. PLAINTIFF'S TRIAL EXHIBITS 43 SHOULD BE EXCLUDED**

*Plaintiff objects to Motion in Limine No. 4.*

Plaintiff's Trial Exhibit No. 43 consists of six hundred and thirty-seven (637) pages of internal e-mails and the attachments thereto among Turn Key Personnel in reference to the broad, general topic of Covid-19.[3] Clearly, the entirety of Plaintiff's Trial Exhibit No. 43 cannot be relevant to Plaintiff's claims in this matter simply because it relates to Turn Key's internal discussions regarding Covid-19. Plaintiff should be required to identify specific e-mails among this voluminous exhibit which are particularly relevant to her claims in this case instead of leaving the Defendant to guess as to the possible relevance of the exhibit as a whole. Until such time, Plaintiff's Trial Exhibit No. 43 should be excluded as irrelevant, misleading, would confuse the jury, would be waste of time, and needlessly presents cumulative evidence. See Fed. R. Evid. 401-403.

---

[3] Due to the voluminous nature of the exhibit, it is not include herein. However, it is available for the Court's inspection if necessary.

**5. ANY EXPERT OPINIONS NOT PREVIOUSLY DISCLOSED**

*Plaintiff objects to Motion in Limine No. 5.*

Rule 26(a)(2)(B)(i) requires an expert witness to prepare a report containing “a complete statement of all opinions the witness will express and the basis for them…” Under Rule 37(c)(1), a party’s failure to disclose the identity of an expert witness or provide an expert report, as required by Rule 26(a)(2), mandates that the court exclude expert testimony unless the failure was “substantially justified or is harmless.” Fed.R.Civ.P. 37(c)(1). Moreover, Rule 26(e)(1) imposes on parties a general duty to supplement or correct, in a timely manner, disclosures made in discovery, “if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing ...” Fed.R.Civ.Proc. 26(e)(1)(A). Rule 26(e)(2) provides:

> Expert Witness. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party’s duty to supplement extends both to information included in the report and to information given during the expert’s deposition. Any additions or changes in this information must be disclosed by the time the party’s pretrial disclosures under Rule 26(a)(3) are due.

Fed.R.Civ.P. 26(e)(2). Thus, Rule 26(e) imposes upon parties an affirmative duty to supplement expert reports where a disclosing party learns that its information is incorrect or incomplete.

Accordingly, the Defendant requests the Court to exclude any opinions by Plaintiff’s expert witnesses which have not been previously disclosed or timely supplemented. In that regard, Plaintiff’s expert witness, Michael McNunn had no criticisms of the Defendant in her written report. (Ex. 7, McNunn Report). At deposition, Mr. McMunn also had no criticisms of the Defendant other than to state that he should maybe “consider a different provider.” (Ex. 8, McMunn Depo., p. 131:19 – p. 133:5). However, Plaintiff has not supplemented Mr. McMunn’s

expert report with that opinion to date. The Defendant hereby adopts Defendant Turn Key's Motion to Exclude the Expert Opinions of Nurse Michael McMunn (Dkt. 137), and its Motion to Deem Confessed Turn Key's Motion to Exclude the Expert Opinions of Nurse Michael McMunn (Dkt. 166).

### 6. ANY SUGGESTION THAT THE JAIL IS REQUIRED TO HAVE A MEDICAL DOCTOR, APRN, OR RN ON STAFF IN ORDER TO PROVIDE HEALTHCARE AT A COUNTY JAIL SHOULD BE EXCLUDED

*Plaintiff objects to Motion in Limine No. 6.*

In this case, Plaintiff's counsel has attempted to make an issue out of the fact that the CCJ's medical department is entirely staffed by LPNs. (See Dkt. 161, pp. 11-12, ¶¶ 3-4; pp. 17-18, ¶¶ 21-22; pp. 25-27). As such, Defendant anticipates that Plaintiff will suggest or imply to the jury that Defendant should have had a medical doctor or someone more advanced than an LPN, such as APRN or RN, on staff in order to constitutionally provide healthcare to inmates and pre-trial detainees at the jail. However, Defendant is not aware of any requirement that the jail must have a medical doctor, or even a nurse, on staff in order to provide medical care which does not violate inmates' constitutional rights. Inmates and pre-trial detainees do not have a constitutional right to be held in a county jail that employs medical staff. Rather, inmates and detainees have a constitutional right to *access* medical personnel capable of evaluating the need for medical treatment. *See Paugh v. Uintah County*, 47 F.4th 1139, 1154 (10th Cir. 2022) (citing *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000)). It is a jail official's "delay or refusal to **obtain** medical care for an inmate" that may constitute deliberate indifference and that may violate the inmate's constitutional rights. *Id.* (emphasis added). In other words, as a gatekeeper, Defendant was required to *obtain* medical care for inmates and detainees but was not required to *employ* medical providers. Any argument or suggestion that the jail was required to have a doctor someone

more advanced than an LPN on staff should be excluded pursuant to Federal Rule of Evidence 403 as such arguments or suggestions will confuse and mislead the jury as to the issues and applicable law.

**7. ANY SUGGESTION THAT THERE IS A REQUIREMENT FOR 24 HOUR A DAY MEDICAL STAFFING AT A COUNTY JAIL SHOULD BE EXCLUDED**

*Plaintiff objects to Motion in Limine No. 7.*

Similarly, any arguments or suggestion that Defendant was required to maintain medical staffing at the jail twenty-four (24) hours a day should be excluded pursuant to Rule 403 due to the likelihood of such arguments or suggestions confusing and misleading the jury as to the issues in this case and the applicable law. Again, Defendant is not aware of any legal precedent which requires that a county jail be staffed with medical personnel at all, and is certainly not aware of any legal precedent which requires that it be staffed with medical personnel 24 hours per day.

Inmates and detainees have a constitutional right to *access* medical personnel capable of evaluating the need for medical treatment. *Paugh,* 47 F.4th at 1154. This includes access to emergency medical care. *See generally Estate of Beauford v. Mesa County*, 35 F.4th 1248, 1262-1264 (10th Cir. 2022). So again, as a gatekeeper, Defendant was required to provide inmates and detainees with *access* to medical personnel. He was not required to staff the jail with personnel capable of evaluating and treating a medical emergency 24 hours per day. While Defendant was required to *obtain* emergency medical care for inmates and detainees 24 hours per day, he was not required to *employ* medical providers 24 hours per day. Calling 911 or otherwise dispatching EMS to the jail in a medical emergency when medical staff are not present at the jail (which it is undisputed that jail staff had authority to do in this case, see Dkt. 132, p. 12, ¶ 18) satisfies constitutional mandates and Plaintiff has not produced any authority to the contrary.

Because arguments and suggestions that the jail was required to have medical personnel at the jail 24 hours per day will confuse and mislead the jury, Plaintiff's counsel and witnesses should be prohibited from making such arguments and suggestions at trial.

**8. EVIDENCE REGARDING THE VIOLATION OF ANY POLICY, STANDARD, RULE, OR REGULATION**

*Plaintiff objects to Motion in Limine No. 8.*

Defendant specifically moves the Court to instruct counsel for Plaintiff, Plaintiff, and Plaintiff's respective witnesses to refrain from referencing or mentioning, either directly or indirectly, by innuendo or otherwise, any alleged violation of applicable standards, policies, rules, and regulations, including any suggestion that a violation of a Creek County or Turn Key policy is somehow a constitutional violation. Defendant further anticipates that Plaintiff may attempt to introduce evidence regarding Oklahoma statutes, or the Oklahoma Administrative Code. Attempts to introduce these statutes, or the state law/code should be prohibited since they are irrelevant, misleading, and would confuse the jury. (See Fed. R. Evid. 401-403).

Additionally, Plaintiff may attempt to introduce evidence that Defendant's policies or the policies of Turn Key Health Clinics, LLC were violated, and may suggest that this establishes a constitutional violation. The clearly-established law, however, requires the exclusion of any evidence regarding the violation of state law, state regulations, policies and procedures, and state and/or national standards. *See Tanberg v. Sholtis*, 401 F.3d 1151, 1167 (10th Cir. 2005) (police standard operating procedures irrelevant and likely to cause jury confusion); *see also Romero v. Bd. of Cty. Comm'rs*, 60 F.3d 702, 705 (10th Cir. 1995) (violations of state law and police procedures do not give rise to 42 U.S.C. § 1983 claim). Indeed, the standard in this case is whether the Defendant violated the United States Constitution via deliberate indifference to the Decedent's constitutional rights through the CCJ's policies, procedures, or long-established customs. *See*

*Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993); *see also City of Canton v. Harris*, 489 U.S. 378, 387 (1989). Violation of any standard, policy, or state law does not amount to a violation of one's civil rights. *See Tanberg*, 401 F.3d at1167; *see also Romero*, 60 F.3d at 705. Therefore, any questions, references, or evidence regarding Oklahoma statutes, the Oklahoma Administrative Code, or anything else other than federal constitutional law should be prohibited pursuant to Fed. R. Evid. 401-403. Similarly, a violation of the Defendant's or Turn Key's policies would not be a violation of the Constitution. *See Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992). In fact, it would suggest the opposite: that the policies and procedures of the Defendants were NOT the moving force behind any alleged constitutional violation. Thus, Plaintiff, her counsel, and all witnesses, should be barred from suggesting, implying, or testifying that any alleged violation of the Defendant's or Turn Key's policies establishes a constitutional violation. Any such testimony would be irrelevant, confusing to the jury, and highly prejudicial to the Defendant. (See Fed. R. Civ. P. 401-403).

**9. OPINION OF COUNSEL**

*Plaintiff objects to Motion in Limine No. 9.*

Plaintiff's counsel should be prevented from stating her opinion during arguments or in the course of questioning or cross-examining witnesses. The Tenth Circuit has made clear that attorneys "shall not in trial state a personal opinion as to the justness of a cause, the credibility of a witness, or the culpability of a civil litigant." *Burke v. Regalado*, 935 F.3d 960, 1031 (10th Cir. 2019) (quoting *Whittenburg v. Werner Enterprises, Inc.*, 561 F.3d 1122, 1130 (10th Cir. 2009)). Plaintiff's counsel is neither a qualified lay witness under Rule 701 nor an established expert under Rule 702. As such, there is no Federal Rule of Evidence by which opinion testimony by Plaintiff's counsel may be properly admitted. Further, any appeal to the jury based upon Plaintiff's counsel's

opinion risks undue prejudice when the jury may consider Plaintiff's counsel to be a proper or influential officer of the court. Such testimony must therefore also be excluded under Rule 403.

**10. ARGUMENTS NOT BASED ON ADMITTED EVIDENCE**

*Plaintiff objects to Motion in Limine No. 10.*

Defendant moves this Court for an Order prohibiting Plaintiff's counsel from making arguments not based on admitted evidence. *See Young v. Corr. Healthcare Companies, Inc.*, No. 13-CV-315-IDJ-JFJ, __ F. Supp. 3d ___, 2024 WL 866286 (N.D. Okla. Feb. 29, 2024)[4] (attached hereto as Ex. 9). Defendant specifically requests that Plaintiff's counsel be prevented from telling personal stories to the jury which have no basis in the evidence. The *Young* court found that such arguments are improper. *Id.* at *24.

> In *Gilster v. Primebank*, the Eighth Circuit, relying in part on Tenth Circuit precedent, stated, "Moreover, counsel's recounting her personal experience – facts that were not in evidence – was aimed at enhancing her client's credibility by telling the jury that counsel, too, had endured similar misconduct." 747 F.3d 1007, 1011 (8th Cir. 2014).

*Id.* Referring to an experience in counsel's own life is a tactic calculated to arouse the sympathy of jurors. *Gilster v. Primebank*, 747 F.3d at 1011 (8th Cir. 2014). Such arguments should therefore be excluded from trial.

However, all arguments which are not based on evidence should be preemptively excluded from trial. On February 29, 2024, the *Young* decision was issued regarding the trial conduct of Mr. Smolen, the counsel for Plaintiff in the present case. The Order reduced the punitive damages award in that case from $68 million to $7 million due to Mr. Smolen's extensive misconduct during trial and its effect on the jury, particularly during closing arguments. Judge Iain Johnson stated that "Plaintiff's counsel's modus operandi is essentially to engage in a game of legal chicken,

---

[4] Currently on appeal in the Tenth Circuit.

daring CHC's counsel to object to everything, thereby looking like an obstructionist." *Young* at *22. Judge Johnson further stated that the misconduct was intentional, "not a bug in the system," but instead "a feature, there by design" and that Mr. Smolen continued making improper arguments even after objections were sustained by the court. *Id.* In light of the decision in *Young*, Defendant seeks an Order *in limine* preventing Plaintiff's counsel from making any arguments to the jury based on facts which are not in evidence.

**11. PERSONALIZING THE CASE/GOLDEN RULE**

*Plaintiff does not object to Motion in Limine No. 11.*

Defendant anticipates Plaintiff's counsel may ask jurors to consider how they or their family members might feel if they were to find themselves in a situation similar to Plaintiff's or to the Decedent's. This tactic, also called the "Golden Rule Argument," is inherently prejudicial and should be prohibited at trial in this matter pursuant to Rules 401-403 of the Federal Rules of Evidence. "An attorney may not 'explicitly request a jury to place themselves in the plaintiff's position and do unto [her] as they would have [her] do unto them.'" *Moody v. Ford Motor Co.*, 506 F.Supp. 2d 823, 836 (N.D. Okla. 2007) (quoting *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983)). This type of plea is "universally recognized as improper, because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576, 1580 (10th Cir. 1984). The purpose of prohibiting such arguments is to prevent invitation to the jury to make a biased decision based on emotion rather than on the evidence presented. *See Schultz v. Rice*, 809 F.2d 643, 652 (10th Cir. 1986).

In the Tenth Circuit plaintiffs are forbidden from presenting a Golden Rule Argument in their pleas for damages, but such arguments have in some circumstances been allowed on the issue of liability. *Moody,* 506 F.Supp. at 836 (citing *Shultz v. Rice*, 809 F.2d 643, 651-52 (10th Cir.

1986)). However, courts in other circuits have stated that golden rule arguments are universally condemned because of the effect it has on triers of fact. *Lovett ex ref. Lovett v. Union Pac. R.R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000).

> Even if counsel does not explicitly invoke the Golden Rule but merely invites the jury to place themselves in the position of the plaintiff, the result is effectively the same and the risk of taint is no different.

*Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 179 (5th Cir. 2005) (*citing Whitehead v. Food Max of Miss. Inc.*, 163 F.3d 265, 278 (5th Cir. 1998)).

Defendant therefore requests that such arguments be excluded from trial.

**12. USING A VERDICT TO "SEND A MESSAGE"**

*Plaintiff objects to Motion in Limine No. 12.*

Defendant requests an order instructing counsel for Plaintiff, Plaintiff, and Plaintiff's witnesses to refrain from referencing or mentioning, either directly or indirectly, by innuendo, or otherwise, using the verdict to send a message. The jury's verdict should be based upon the evidence presented to them and on the instructions they receive from the court. Plaintiff's counsel should thus be prohibited from requesting, suggesting, or implying that jurors should "send a message" with their verdict or "show with their verdict what they think about the alleged constitutional violations" or any other similarly phrased or intended prejudicial remark which requests that the jury decide liability or damages based on any factor other than the evidence presented to them at trial. Such comments are unfairly prejudicial and may result in the granting of a new trial. *See Moody, supra,* 506 F.Supp.2d at 837-38 (asking jury to "send a message" with its verdict is improper).

Defendant additionally requests that Plaintiff's counsel be prevented from arguing that the jury should award damages in an amount which will punish Defendant. Defendant is a

governmental entity and only compensatory damages, not punitive damages, are available under 42 U.S.C. § 1983. *Kentucky v. Graham*, 473 U.S. 159, 167, n. 13 (1985) (citing *Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981)). It is well-established that compensatory damages are not intended to punish defendants. *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 432 (2001). The Tenth Circuit has recognized "the potential prejudice posed by arguments that invite the jury to award damages based on punishment or deterrence when only compensatory damages are at issue." *Racher v. Westlake Nursing Home Ltd. Partnership*, 871 F.3d 1152, 1169 (10th Cir. 2017) (citing *Spulak v. Kmart Corp.*, 894 F.2d 1150, 1155-56 (10th Cir. 1990); *Caudle v. District of Columbia*, 707 F.3d 354, 361 (D.C. Cir. 2013)). It has specifically found that arguments urging deterrence against a governmental entity which is immune from punitive damages are improper. *See Burke v. Regalado*, 935 F.3d 960, 1029 (10th Cir. 2019). Defendant therefore seeks an Order *in limine* excluding such all such arguments from trial.

**13. COMMUNITY CONSCIENCE ARGUMENTS SHOULD BE EXCLUDED**

*Plaintiff objects to Motion in Limine No. 13.*

Defendant requests an order instructing counsel for Plaintiff to refrain from referencing or mentioning, either directly or indirectly, by innuendo, or otherwise, that jurors should be the conscience of their community or making any other arguments to the jury which evokes a sense of community loyalty or duty.

> Courts have condemned arguments based on pleas to "community conscience." *Westbrook v. General Tire & Rubber Co.*, 754 F.2d 1233, 1238-39 (5th Cir. 1985). Impassioned and prejudicial pleas intended to evoke a sense of community loyalty, duty, and expectation are improper in closing arguments, and can lead to a new trial. *Id.*

*Young, supra,* at *22. While the *Young* Order notes that some courts have permitted community conscience arguments when punitive damages are sought, no punitive damages are at issue here, as

Defendant is a governmental entity. All community conscience arguments should therefore be excluded from trial.

**14. OPINION TESTIMONY OF LAY WITNESSES SHOULD BE EXCLUDED**

*Plaintiff objects to Motion in Limine No. 14.*

Defendant anticipates that Plaintiff's counsel will attempt to elicit opinion testimony from lay witnesses through posing hypothetical questions and presenting hypothetical scenarios to them regarding alleged actions of jail staff, medical staff, and other witnesses and the alleged mindset and intent of Defendant and his agents/employees. Posing such hypothetical questions to lay witnesses and requesting they render opinions on facts not in evidence is improper under Rule 701. Rule 701 states that when a lay witness is offering opinion testimony it is limited to opinions which are

> (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701(a)-(c). Hypothetical questions posed to lay witnesses cannot possibly be helpful to understanding a witness's fact testimony or to determining a fact in issue. Consequently, such hypothetical questions and scenarios should be excluded. Moreover, posing hypothetical questions and scenarios to lay witnesses creates the risk of impermissibly instructing the jury on the law in this case. This is improper and would be unfairly prejudicial to the Defendant. Instructing the jury on the proper considerations is the Court's province and it should not be invaded by a misuse of opinion testimony from lay witnesses.

Defendant further anticipates that Plaintiff's counsel will attempt to elicit opinion testimony from lay witnesses by reading portions of the transcripts of the depositions of other witnesses and asking the lay witness their opinion of the truthfulness of the witness and of the

testimony. Rule 608(a) allows for a witness's general credibility to be attacked through testimony about the witness's reputation for having a character for truthfulness or untruthfulness or by testimony in the form of an opinion about that character. *See* Fed. R. Evid. 608(a). However, per the plain language of the rule it does not permit a lay witness to opine on the truthfulness of the testimony itself or the matters on which the witness testified. It is the province of the jury to determine the credibility of each witness and the weight the testimony of that witness should be given. *See Gunning v. Cooley*, 281 U.S. 90, 94 (1930) ("Issues that depend on the credibility of witnesses, and the effect or weight of evidence, are to be decided by the jury."). Jurors do not need opinion testimony to help them determine whether a witnesses is credible, they need only their common sense to make that determination. *EEOC v. Jetstream Ground Services, Inc.*, 2014 WL 7650933 at *2 (D. Colo. Dec. 9, 2014)[5] (citing *U.S. v. Harris*, 995 F.2d 532, 535 (4th Cir. 1993)). And as explained above, a lay witness's testimony can only be based on personal knowledge. *See* Fed. R. Evid. 701.

Defendant notes that not all witnesses may offer testimony regarding another witness's reputation or character for truthfulness or untruthfulness. To properly establish a foundation for reputation testimony, a witness must show "such acquaintance with the person under attack, the community in which he has lived and the circles in which he has moved, as to speak with authority of the terms in which generally he is regarded." *U.S. v. Rios*, 92 F.3d 1519, 1529 (10th Cir. 1996), *overruled on other grounds by U.S. v. Flowers,* 464 F.3d 1127 (10th Cir. 2006)). Additionally, "evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked." Fed. R. Evid. 608(a). Consequently, asking a lay witness about the truthfulness of another witness's testimony when the other witness's character has not been attacked is improper

[5] Unpublished decision attached hereto as Ex. 10.

under Rule 608.

Defendant therefore seeks an order prohibiting Plaintiff's counsel from seeking opinion testimony from lay witnesses through the use of hypothetical questions and scenarios and through asking lay witnesses whether the deposition testimony of another witness was truthful testimony.

**15. THE POSSIBLE EXISTENCE OF LIABILITY INSURANCE**

*Plaintiff does not object to Motion in Limine No. 15.*

Defendant further requests an order prohibiting Plaintiff's counsel, Plaintiff, and Plaintiff's respective witnesses to refrain from referencing or mentioning, either directly or indirectly, by innuendo, or otherwise, the Defendant having or possibly having liability insurance. Rule 411 prohibits any party from offering as evidence the existence or possible existence of liability insurance. "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. Although there are exceptions to this evidentiary rule, none of the exceptions apply to the circumstances at hand. (See Fed. R. Evid. 411). Therefore, this Court should prohibit Plaintiff, her counsel, and her witnesses from inferring or mentioning the potential existence of liability insurance or any other such coverage at any time during the trial proceedings.

**16. FINANCIAL CONDITION OF THE PARTIES**

*Plaintiff does not object to Motion in Limine No. 16 as to Defendant Bowling, in his official capacity.*

Defendant additionally requests an order *in limine* instructing Plaintiff to refrain from referring to her financial condition or the financial condition of Plaintiff, making any statement or suggestion that Plaintiff or the Decedent's family is struggling to make ends meet, and making any comparison of the financial conditions of Plaintiff or the Decedent's family to that of Defendant. Such statements are completely immaterial to the issues involved and making any reference to that

effect would be extremely prejudicial and harmful to Defendant.

"Reference to the wealth or poverty of either party, or reflection on financial disparity, is clearly improper argument." *Garcia v. Sam Tanksley Trucking, Inc.*, 708 F.2d 519, 522 (10th Cir. 1983) (citing *United States v. Stahl*, 616 F.2d 30, 33 (2d Cir. 1980)); *Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978); *Eisenhower v. Burger*, 431 F.2d 833, 837 (6th Cir. 1970). Further, the United States Supreme Court has held that "appeals to class prejudice" are "highly improper" and has "urged trial courts to be alert to prevent such discourse." *Garcia,* 708 F.2d at 522 (citing *United States v. Socony Vacuum Oil Co.*, 310 U.S. 150, 239, 60 S.Ct. 811, 851, 84 L.Ed. 1129 (1940)). *See also Whiteley v. OKC Corp.*, 719 F.2d 1051, 1055 (10th Cir. 1983) (finding that the financial condition of defendant is only relevant at the punitive damages stage of trial, if necessary). Because any statements and/or references to the financial condition of the parties are improper and prejudicial to Defendant, they should be excluded by an order from this Court.

**17. CRYING/EMOTIONAL DISPLAYS BY COUNSEL**

*Plaintiff objects to Motion in Limine No. 17, but agrees Mr. Smolen will try to avoid emotional displays and crying at trial.*

In the *Young* case, the Court examined how Plaintiff's counsel in the present matter, Dan Smolen egregiously cried after being warned not to do so, theatrically placed a box of tissues on the podium in front of the jury, and even informed the jury that he was going to cry with his client. The Court found that such antics were improper and prejudicial to the Defendant. *Young* at *27-31 (citing *Draper v. Rosario*, 836 F.3d 1072, 1084 (9th Cir. 2016); *People v. Dukes*, 146 N.E.2d 14, 17 (Ill. 1957)). Defendant anticipates that Plaintiff's counsel will try such egregious tactics again. Plaintiff's counsel should be prohibited from engaging in, and admonished not to engage in, such theatrical, dramatic and prejudicial displays of emotion in the instant case.

**18. REGIONAL BIAS/OUTSIDERS**

*Plaintiff does not object to Motion in Limine No. 18.*

Again, in the *Young* case, the Court admonished Plaintiff's counsel Dan Smolen's behavior that highlighted how he was part of the local community, emphasizing his residence and involvement in the local community, contrary to opposing counsel. *Young* at *55-56. Here, although the subject incidents of this case occurred in Creek County, the trial is in Tulsa and Plaintiff's counsel's office is in Tulsa. Furthermore, defense counsel is from Oklahoma City. As such, Dan Smolen should be admonished not to highlight how defense counsel is from Oklahoma City or suggest in any way that he is part of the local community as opposed to defense counsel.

Respectfully submitted,

s/ Jamison C. Whitson
Andy A. Artus, OBA No. 16169
Rebecca A. Boyer, OBA No. 31847
Jamison C. Whitson, OBA No. 18490
COLLINS, ZORN & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73105
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email: aaa@czwlaw.com
rab@czwlaw.com
jcw@czwlaw.com

*Attorneys for Bret Bowling, in his official capacity as Creek County Sheriff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Brendan M. McHugh, OBA #18422
P.O. Box 1392
Claremore, OK 74018
brendan@lawinok.com
-and-
Dana Jim, OBA # 19495
P.O. Box 1011
Vinita, OK 74301
danajimlaw@gmail.com
-and-
Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA # 33003
Smolen & Roytman
701 S. Cincinnati Avenue
Tulsa, OK 74119
danielsmolen@ssrok.com
bobblakemore@ssrok.com
bryonhelm@ssrok.com
***ATTORNEYS FOR PLAINTIFF***

Alexandra G. Ah Loy, OBA # 31210
Will J. Collins, OBA #34630
Zachary Williams, OBA #34050
Geremy A. Rowland, OBA #18822
HALL BOOTH SMITH, P.C.
6301 Waterford Blvd., Ste. 200
Oklahoma City, OK 73118
AllieAhLoy@hallboothsmith.com
willcollins@hallboothsmith.com
zwilliams@hallboothsmith.com
growland@hallboothsmith.com
***ATTORNEYS FOR TURN KEY HEALTH CLINICS, LLC***

s/ Jamison C. Whitson
Jamison C. Whitson